UNITED STATES DISTRICT COURT
MILWAUKEE DISTRICT OF WISCONSIN
EASTERN DIVISION

**DYLAN MICHAEL SMITH,**
    **Plaintiff,**

    v.                                    Case No. 24-CV-777

**STONE AND BRICK LLC,**
    and
**FATIMA KUMAR**
    **Defendants.**

## COMPLAINT

### JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

2. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### PARTIES

3. Plaintiff Dylan Michael Smith ("Plaintiff") is an adult resident of Milwaukee County in the State of Wisconsin. Plaintiff's consent form is filed as Exhibit 1 to this complaint.

4. The FLSA Minimum Wage Class is defined as:

> All persons who worked as hourly employees of Defendants at any time since June 21, 2021 and were paid an hourly rate of less than $7.25 per hour.

5. The Wisconsin Minimum Wage Class is defined as:

> All persons who worked as hourly employees of Defendants in Wisconsin at any time since June 21, 2022 and were paid an hourly rate of less than $7.25 per hour.

6. Defendant Stone and Brick LLC (hereinafter "Stone and Brick"), is a domestic limited liability company with its principal place of business at 4754 W. Abbott Ave., Greenfield, WI, 53220.

7. Defendant Stone and Brick, operates a restaurant named Saffron located at 223 N. Water Street, Suite 100, Milwaukee, Wisconsin.

8. On information and belief, Defendant Stone and Brick does $500,000 or more in business annually.

9. Defendant Stone and Brick's registered agent for service of process in the State of Wisconsin is Fatima Kumar located at 4754 W. Abbott Ave., Greenfield, Wisconsin, 53220.

10. Defendant Fatima Kumar (hereinafter "Kumar") is an adult resident of Wisconsin residing at 4754 W. Abbott Ave., Greenfield, Wisconsin, 53220.

11. On information and belief, Kumar owns Stone and Brick. As such, Kumar acted directly or indirectly in the interest of Stone and Brick in relation to Plaintiff.

2

12. Defendant Stone and Brick and Defendant Kumar were joint employers of Plaintiff and will be collectively referred to herein as "Defendants."

## FACTUAL ALLEGATIONS

13. Plaintiff and the members of the FLSA Minimum Wage Class and Wisconsin Minimum Wage Class were employed by Defendants as a Server.

14. In that role, Plaintiff and the members of the FLSA Minimum Wage Class regularly processed credit card payments via Defendants' internet based point of sale system. The internet is an instrumentality of interstate commerce which Plaintiff and members of the FLSA Minimum Wage Class regularly used.

15. Defendants engaged in commerce by purchasing food and beverages which moved through commerce to serve to Defendants' customers.

16. Defendants' annual gross volume of business done exceeds $500,000 and has exceeded $500,000 in each of the three years preceding the filing of this complaint.

17. Plaintiff and members of the FLSA Minimum Wage Class have worked for Defendants at times since June 21, 2021.

18. Plaintiff and members of the Wisconsin Minimum Wage Class have worked for Defendants at times since June 21, 2022.

19. Defendants have uniform compensation policies and practices which have applied to Plaintiff, and members of the FLSA Minimum Wage Class and the Wisconsin Minimum Wage Class.

3

20. Defendants paid Plaintiff and members of with FLSA Minimum Wage Class and the Wisconsin Minimum Wage Class at an hourly rate of less than $7.25 per hour.

21. Plaintiff, as a server, was paid $4.00 per hour plus tips received from Defendants customers.

22. Defendants paid its other servers $4.00 per hour.

23. Defendants operated a mandatory tip pool whereby Defendants took tips from Defendants' servers in the amount of 3% of the servers' sales to share those tips with other non-server employees.

24. Defendants' supervisors and/or managers frequently worked as a bartender and/or host. While in those positions, Defendants' supervisors and/or managers took part in and received tips from Defendants' mandatory tip pool.

25. A set portion of the mandatory tip pool was earmarked for Defendants' food runners. Despite taking tips for Defendants' food runners, Defendants did not pay to Defendants' food runners any/or all of the tips earmarked for them. Rather, Defendants retained those tips. Defendants paid Defendants' food runners a flat salary rate without any additional tip compensation.

26. A set portion of the tip pool was earmarked for Defendants' hosts. Defendants did not always have a host working, but during those shifts still required its servers to contribute to the tip pool a percentage for the hosts. Despite taking tips for Defendants' hosts, Defendants did not pay to Defendants' hosts any/or all of the tips earmarked for them. Rather, Defendants retained those tips.

27. Since June 21, 2011, Defendants failed to pay Plaintiff and the members of the FLSA Minimum Wage Class and the Wisconsin Minimum Wage Class at the minimum wage rate for each hour worked.

28. Defendants did not receive a signed tip declaration from Plaintiff and members of the Wisconsin Minimum Wage Class each pay period showing the wages and tips received by them.

29. Defendants did not provide Plaintiff and members of the FLSA Minimum Wage Class notice that Defendants were taking a tip credit.

30. Defendant Kumar had and continues to have control over the day-to-day operations of Stone and Brick.

31. Defendant Kumar had and continues to have control over the human resources and compensation aspects of Stone and Brick, including those compensation policies and practices alleged herein as they relate to Plaintiff and the members of the FLSA Minimum Wage Class and the Wisconsin Minimum Wage Class.

32. Defendant Kumar determined the rates and methods of compensation for Plaintiff and the members of the FLSA Minimum Wage Class and the Wisconsin Minimum Wage Class.

33. Defendant Kumar determined that Plaintiff and Members of the FLSA Minimum Wage Class and the Wisconsin Minimum Wage Class would not be paid minimum wages for each hour worked.

## **CLASS ALLEGATIONS**

5

34. Plaintiff brings Plaintiff's second claim for relief on behalf of the Wisconsin Minimum Wage Class pursuant to Fed. R. Civ. P. 23(a) and (b).

35. The persons in the Wisconsin Minimum Wage Class are so numerous that joinder of each individual class member's claims is impracticable.

36. There are questions of law and fact common to the Wisconsin Minimum Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

    a. Whether Plaintiff and members of the Wisconsin Minimum Wage Class Are employees;

    b. Whether Defendants were employers;

    c. Whether Defendants maintained a common practice and policy of not paying minimum wages to the members of the Wisconsin Minimum Wage Class;

    d. Whether Defendants maintained a common practice of not obtaining a tip declaration from Plaintiff and members of the Wisconsin Minimum Wage Class;

    e. The nature and amount of compensable work performed by Plaintiff and members of the Wisconsin Minimum Wage Class;

    f. The proper measure of damages sustained by Plaintiff and members of the Wisconsin Minimum Wage Class; and

    g. Whether Defendants acted for dilatory or other unjust reasons.

6

Case 2:24-cv-00777-NJ    Filed 06/21/24    Page 6 of 11    Document 1

37. Plaintiff will fairly and adequately protect the interests of the Wisconsin Minimum Wage Class and has retained counsel experienced in complex wage and hour litigation.

38. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation, where individual plaintiffs, particularly those with relatively small claims, typically lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant.

39. Certification of the Wisconsin Minimum Wage Class is appropriate under Rule 23(b)(3) because questions of law and fact common to the classes predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Wisconsin Minimum Wage Class wages for work performed to which they are entitled. The damages suffered by each class member are small compared to the expense and burden of individually litigating each class member's claim. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' pay practices.

40. Plaintiff intends to send notice to all members of the Wisconsin Minimum Wage Class to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF:

7

## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

42. Defendants have been, and continue to be, an enterprise engaged in commerce within in the meaning of 29 U.S.C. § 203(s)(1).

43. Defendants have been, and continue to be, employers within the meaning of 29 U.S.C. § 203(d).

44. Plaintiff and members of the FLSA Minimum Wage Class have been, and continue to be, an employee of Defendants within the meaning of 29 U.S.C. § 203(e).

45. The FLSA requires covered employers to compensate all non-exempt employees at a rate of not less than $7.25 per hour.

46. Plaintiff and members of the FLSA Minimum Wage Class are not, and have not been, exempt from the minimum pay requirements of the FLSA.

47. Defendants, Defendants' managers, and/or Defendants' supervisors retained tips from Defendants' mandatory tip pool.

48. Defendants failed to meet the prerequisites necessary to pay Plaintiff and the members of the FLSA Minimum Wage Class at a sub-minimum wage rate.

49. Defendants did not compensate Plaintiff and members of the FLSA Minimum Wage Class at the applicable minimum wage.

50. The foregoing practice violates the FLSA.

8

51. Defendants' violation of the FLSA was willful.

52. Plaintiff and the members of the FLSA Minimum Wage Class suffered wage loss because of this violation.

## SECOND CLAIM FOR RELIEF: FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF WISCONSIN LAW

53. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

54. Defendants have been, and continue to be, employers within the meaning of Wis. Stat. §§ 104.01(3) and 109.01(2).

55. Plaintiff and members of the Wisconsin Minimum Wage Class are and have been employees of Defendants within the meaning of Wis. Stat. §§ 104.01(2) and 109.01(1r).

56. Wisconsin law requires employers to pay all non-exempt employees at a rate of not less than $7.25 per hour.

57. Plaintiff and members of the Wisconsin Minimum Wage Class were not and have not been exempt from the minimum pay requirements of Wisconsin law.

58. Defendants failed to obtain a tip declaration from Plaintiff and members of the Wisconsin Minimum Wage Class.

59. Defendants operated a tip pool or tip splitting which was not authorized by law.

9

60. Defendants did not compensate Plaintiff and members of the Wisconsin Minimum Wage Class at the applicable minimum wage.

61. The foregoing practice violates Wisconsin law.

62. Defendants' violation of Wisconsin law was for dilatory or unjust reasons.

63. Plaintiff and members of the Wisconsin Minimum Wage Class suffered wage loss because of this violation.

ACCORDINGLY, Plaintiff, on behalf of themselves and the members of the Wisconsin Minimum Wage Class and the FLSA Minimum Wage Class, respectfully requests the following relief:

A. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Minimum Wage Class;

B. An order certifying this action as a class action on behalf of the proposed Wisconsin Minimum Wage Class under Fed. R. Civ. P. 23(b)(3);

C. An order designating Plaintiff as representative of the Wisconsin Minimum Wage Class;

D. An order designating Hawks Quindel, S.C. as class counsel for the Wisconsin Minimum Wage Class;

E. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

F. An order finding that Defendants violated the FLSA and Wisconsin wage and hour laws;

10

G.	Judgment against Defendants in an amount equal to unpaid wages at the applicable minimum rates owed to Plaintiff and members of the Wisconsin Minimum Wage Class and the FLSA Minimum Wage Class, as well as the damages Plaintiff and members of the Wisconsin Minimum Wage Class and the FLSA Minimum Wage Class suffered because of Defendants' failures.

H.	An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

I.	An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

J.	Such further relief as the Court deems just and equitable.

Dated: June 21, 2024

*s/Larry A. Johnson*
Larry A. Johnson, SBN 1056619
Connor J. Clegg, SBN 1118534
Timothy P. Maynard, SBN 1080953
Summer H. Murshid, SBN 1075404
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 N. Port Washington Rd., Suite 243
Milwaukee, WI 53217-5470
Telephone: (414) 271-8650
Fax: (414) 607-6079
Email:	ljohnson@hq-law.com
	cclegg@hq-law.com
	tmaynard@hq-law.com
	smurshid@hq-law.com

11