<u>**Settlement Agreement & Release**</u>

The Parties to this Settlement Agreement and Release ("Agreement") are Dylan Smith ("Plaintiff"), individually, on behalf of Amber Leeper, Hannah Bessenecker, and Napatsawan Boonkon who have opted into this matter pursuant to 29 U.S.C. § 216(b) (the "Collective Members"), and Defendants Stone and Brick LLC d/b/a Saffron and Defendants Fatima Kumar (collectively "Defendants").

<u>**Recitals**</u>

WHEREAS, in an action captioned *Dylan Micharl Smith v. Stone and Brick LLC and Fatima Kumar, LLC*, 2:24-cv-00777 (E.D. Wis.) (the "Complaint") and filed with the United States District Court for the Eastern District of Wisconsin, Plaintiff alleges that Defendants did not properly compensate him and Defendants' other servers and hosts under state and federal law (the "Lawsuit"). Specifically, Plaintiff alleged that Defendants operated an invalid tip pool resulting in both minimum wage violations and improperly retained tips.

WHEREAS, Defendants deny the allegations in the Lawsuit and deny any and all liability to Plaintiff and the Collective Members.

WHEREAS, Defendants made settlement offers to Plaintiff and the Collective Members after sharing time and payroll records through informal discovery.

WHEREAS, Plaintiff's Counsel has represented Plaintiff and negotiated with Defendants at arm's length throughout this matter to ensure that Plaintiff, the Collective Members, are properly compensated for minimum wages and retained tips.

WHEREAS, this Agreement resolves bona fide disputes as alleged in the Complaint involving compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et al.* ("FLSA") and Wisconsin wage and hour laws.

WHEREAS, subject to approval by the Court, the Parties have reached a binding agreement to settle this matter upon the terms and conditions set forth herein.

WHEREAS, the Parties desire to resolve this matter and avoid the costs, risks, and delays associated with continued litigation.

NOW, THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties settle, compromise, and resolve the released claims as specified herein on the following terms:

1

Doc ID: 58f85815f3f626e2abf219d008a39695eebe01c9

## I. General Terms of Settlement

A. The Parties agree to cooperate and take all steps necessary and appropriate to obtain approval of their settlement from the Court, to effectuate its terms, and to cause the Lawsuit to be dismissed with prejudice once payment has been completed.

B. The Parties acknowledge and will represent to the Court that this Agreement is fair, adequate, and reasonable.

C. In exchange for the release of the claims and other promises contained herein, Defendants will, in accordance with the manner, timing, and amounts provided herein, make payments in an amount of $65,523.65.

E. Plaintiff understands and acknowledges that, although Defendants are entering into this Agreement and making the payments hereunder, Defendants do not admit any wrongdoing or violation of federal or state statutes, regulations, or laws of any kind, including those cited in the Lawsuit and Section II.A below, and expressly deny the same.

## II. Release of Claims, Acknowledgments, and Agreement to Cooperate

### A. Release of Claims by Plaintiff.

Plaintiff and his heirs and assigns, in addition to his other legal representatives, hereby and forever completely release and discharge Defendants and Defendants' respective past and present owners officers, directors, stockholders, managers, members, partners, agents, insurers, and attorneys from any and all known or unknown claims, which may be releasable by law, of any kind that arose out of Plaintiff's employment with Defendants and that occurred up to the date of their execution of this Agreement, including:

(1) claims pursuant to the FLSA, including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), or Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103, 109, 111 and Wis. Admin Code Ch. DWD §§ 272 and 274;

(2) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum merit;

(3) Title VII of the Civil Rights Act of 1964, as amended;

2

Doc ID: 58f85815f3f626e2abf219d008a39695eebe01c9

(4) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981);

(5) the Genetic Information Nondiscrimination Act;

(6) the Americans with Disabilities Act, as amended;

(7) the Equal Pay Act;

(8) the National Labor Relations Act;

(9) the Employee Retirement Income Security Act of 1974;

(10) the Wisconsin Fair Employment Act;

(11) the Wisconsin Business Closing law;

(12) state or federal parental, family and medical leave acts;

(13) the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status;

(14) claims arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action; and

(15) any other federal, state or local law, statute or ordinance affecting Plaintiff's employment with or termination from Defendants.

Plaintiff does not release Defendants from claims which cannot be released by law, including claims for workers' compensation.

## B. Release of Claims by Collective Members.

Upon approval of this Agreement, each of the Collective Members will be deemed to have fully released Defendants from all FLSA claims arising out of or related to Defendants' non-payment of minimum wages and tips through August 15, 2024.

## III. Settlement Payments

3

Doc ID: 58f85815f3f626e2abf219d008a39695eebe01c9

A. **Settlement Fund.** In consideration for the releases in Section II above, Defendants will pay $65,523.65 (the "Settlement Fund"). This Settlement Fund is inclusive of all wages and compensation alleged to be due to Plaintiff, and the Collective Members in the Lawsuit; attorneys' fees and costs; liquidated damages; civil penalties. If this Agreement is not approved by the Court, Defendants will not have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II will not be effectuated, and this matter will move forward in litigation.

B. **Overview of Allocation of the Settlement Fund.**

1. **Attorneys' fees and costs.** $21,841.21 of the Settlement Fund will be allocated as attorneys' fees and cost and paid out as provided herein. Plaintiff's Counsel will move the Court for an award of attorneys' fees in connection with seeking approval of this settlement agreement. Defendants will issue a corresponding IRS Form 1099 to Plaintiff's Counsel.

2. **Collective Settlement Funds**. The remaining portion of the Settlement Fund will be allocated amongst Plaintiff and the Collective Members as follows:

   a. Dylan Smith – Defendants will pay Dylan Smith $20,232.44. For tax purposes, one-half of this payment will constitute unpaid wages and will be subject to regular payroll withholdings. One-half of this payment will be attributed to liquidated damages for which he will receive an IRS Form 1099.

   b. Amber Leeper – Defendants will pay Amber Leeper $6,354.84. For tax purposes, one-half of this payment will constitute unpaid wages and will be subject to regular payroll withholdings. One-half of this payment will be attributed to liquidated damages for which he will receive an IRS Form 1099.

   c. Hannah Bessenecker – Defendants will pay Hannah Bessenecker $5,446.48. For tax purposes, one-half of this payment will constitute unpaid wages and will be subject to regular payroll withholdings. One-half of this payment will be attributed to liquidated damages for which he will receive an IRS Form 1099.

4

Doc ID: 58f85815f3f626e2abf219d008a39695eebe01c9

d. Napatsawan Boonkon – Defendants will pay Napatsawan Boonkon $11,648.68. For tax purposes, one-half of this payment will constitute unpaid wages and will be subject to regular payroll withholdings. One-half of this payment will be attributed to liquidated damages for which he will receive an IRS Form 1099.

## IV. Settlement Approval Process

### A. Interim Stay of Proceeding.

Pursuant to the Court's August 9, 2024 Text Order, the Parties have agreed to hold all proceedings in the Lawsuit, except such proceedings necessary to implement and complete the settlement, in abeyance pending approval of the Court.

### B. Approval of Settlement.

The Parties will file with the Court, a Joint Motion for Approval of Settlement and a Proposed Order Approving Settlement, and supporting brief, in a form mutually agreed to by the Parties. Plaintiff's Counsel will draft these documents. A fully executed copy of this Agreement will be attached to the motion for approval. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Agreement. The Parties agree that the relief requested in Exhibit A, the Proposed Order, is what they are seeking and is appropriately before the Court.

## V. Settlement Payment and Dismissal.

### A. Payment Schedule.

Within 30 days of the Court's order approving the settlement terms, Defendants will deliver to Plaintiff's Counsel the payments identified above in Section III totaling **$65,523.65**. Defendants will deliver payments to Hawks Quindel, S.C., 5150 N. Port Washington Rd, Suite 243, Milwaukee, WI, 53217.

### B. Dismissal.

Within 14 days of receiving all of the payments identified in Section III above, Plaintiff will dismiss his claim with prejudice as to him and the

5

Doc ID: 58f85815f3f626e2abf219d008a39695eebe01c9

Collective Members and without further costs to either party, in the form of Exhibit B.

## VI.  Breach

If Defendants breach this Agreement by failing to timely make the payment provided herein, Defendants will have 14 calendar days, from the date it receives notice of a breach, to cure such breach. Notice of any such breach will be provided via email to:

Attorney David McClurg - dmcclurg@pettit-law.com

If the breach is not cured within the time set forth above, the non-breaching party will be entitled to its reasonable attorneys' fees incurred to enforce the terms of the settlement. The Parties further agree that the court will retain jurisdiction over this matter for the sole purpose of enforcing the settlement and will not dismiss this matter until the Parties and informed the Court that the Settlement Fund has been fully paid.

## VI.  No Admission

Nothing in this Agreement will be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants, and Defendants denies any such liability. The Parties have entered into this Agreement with the intention of avoiding further disputes and litigation with the attendant inconvenience and expenses.

## VII.  Construction

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive, arm's length negotiations between the parties and that this Agreement will not be construed in favor of or against any party.

## VIII.  Jurisdiction

The Parties consent to the United States District Court for the Eastern District of Wisconsin retaining jurisdiction over this matter for the sole purpose of enforcing the terms of this Agreement.

## XI.  Governing Law

This Agreement will be construed and interpreted in accordance with the laws of the State of Wisconsin.

Doc ID: 58f85815f3f626e2abf219d008a39695eebe01c9

## XII. Entire Agreement

This document and its Exhibits A-B constitute the entire Agreement between the Parties with regard to the matters set forth herein and supersede any prior written or oral agreements. In entering into this Agreement, Plaintiff expressly acknowledge that they are not relying on advice from anyone from Defendants, including Defendants' principals, owners, or attorneys, or any other individual or entity other than Plaintiff's Counsel.

## XIII. Severability

If any provision of this Agreement is found invalid or unenforceable in whole or in part, that provision will be deemed excised from this Agreement.

## XIV. Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

08 / 16 / 2024
_____
Dated

*Dylan Smith*
_____
Dylan Smith, on behalf of himself and
the Collective Members


_____
Dated

_____
Fatima Kumar


_____
Dated

_____
Brick LLC d/b/a Saffron

By:_____

Its: _____

7

Doc ID: 58f85815f3f626e2abf219d008a39695eebe01c9

## XII.  Entire Agreement

This document and its Exhibits A-B constitute the entire Agreement between the Parties with regard to the matters set forth herein and supersede any prior written or oral agreements. In entering into this Agreement, Plaintiff expressly acknowledge that they are not relying on advice from anyone from Defendants, including Defendants' principals, owners, or attorneys, or any other individual or entity other than Plaintiff's Counsel.

## XIII.  Severability

If any provision of this Agreement is found invalid or unenforceable in whole or in part, that provision will be deemed excised from this Agreement.

## XIV.  Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

  IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

_____
Dated                                           Dylan Smith, on behalf of himself and
                                                the Collective Members


08-16-2024
Dated                                           Fatima Kumar


08-16-2024
Dated                                           Stone & Brick LLC d/b/a Saffron

                                                By: Fatima Kumar

                                                Its: Owner

7

Exhibit A

**UNITED STATES DISTRICT COURT
MILWAUKEE DISTRICT OF WISCONSIN
EASTERN DIVISION**

---

**DYLAN SMITH,
individually and behalf of
those similarly situated,**
       **Plaintiff,**

      **v.**                       **Case No. 24-cv-00777**

**STONE AND BRICK LLC, *et al*.,**
      **Defendants.**

---

### STIPULATED MOTION FOR DISMISSAL

---

Plaintiff, by their attorneys, Hawks Quindel S.C., and Defendants, by their attorneys, Pettit Law Group, S.C., notify the Court that Defendants have made the payments pursuant to the settlement agreement and the Court's Order (ECF No. ##). Therefore, the Parties stipulate and move the Court to dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), without further fees or costs to either party.

    Dated: __, 2024

<table>
<tr>
<td>

*s/David A. McClurg*
David A. McClurg, SBN 1009730
Attorney for Defendants

Pettit Law Group, S.C.
250 E Wisconsin Ave., Ste 1000
Milwaukee, WI 53202-9885
Telephone: (414) 276-2850
Fax: (414) 276-0731
Email:    dmcclurg@pettit-law.com

</td>
<td>

*s/Larry A. Johnson*
Larry A. Johnson, SBN 1056619
Connor J. Clegg, SBN 1118534
Timothy P. Maynard, SBN 1080953
Summer H. Murshid, SBN 1075404
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 N. Port Washington Rd., Suite 243
Milwaukee, WI 53217-5470
Telephone: (414) 271-8650
Fax: (414) 607-6079

</td>
</tr>
</table>

Email:      ljohnson@hq-law.com
cclegg@hq-law.com
tmaynard@hq-law.com
smurshid@hq-law.com

2

# UNITED STATES DISTRICT COURT
## MILWAUKEE DISTRICT OF WISCONSIN
### EASTERN DIVISION

DYLAN SMITH,
**individually and behalf of
those similarly situated,**
      **Plaintiff,**

     **v.**                                 **Case No. 24-cv-00777**

STONE AND BRICK LLC, *et al.*,
      **Defendants.**

## ORDER GRANTING APPROVAL OF SETTLEMENT AND APPROVAL OF PLAINTIFF'S MOTION FOR ATTORNEYS FEES

IT IS HEREBY ORDERED:

1.    The Court, finding that the Parties' settlement is fair and reasonable, hereby approves, in its entirety, the Settlement Agreement and finds that the Settlement Agreement meets the requirements of federal law, relevant Wisconsin law, and due process.

2.    The Court finds that the settlement terms negotiated by the Parties and described in the Settlement Agreement are a fair and reasonable resolution of a bona fide dispute between Defendants, Dylan Smith, and Amber Leeper, Hannah Bessenecker, and Napatsawan Boonkon (the "Collective Members");

3.    Defendants shall pay the amount of a total of $65,523.65 as set forth in the Settlement Agreement;

4. Defendants will pay Dylan Smith $20,232.44 as set forth in the Settlement Agreement;

5. Defendants will pay Hannah Bessenecker $5,446.48 as set forth in the Settlement Agreement;

6. Defendants will pay Amber Leeper $6,354.84 as set forth in the Settlement Agreement;

7. Defendants will pay Napatsawan Boonkon $11,648.68 as set forth in the Settlement Agreement;

8. The Court, having reviewed Plaintiff's Petition for Attorneys' Fees and Costs, finds that the request for one-third of the settlement fund plus costs is fair and reasonable and therefore awards Hawks Quindel, S.C. $21,841.21 in fees and costs;

9. This case is administratively closed pending Defendants making payments as set forth in the settlement agreement and Plaintiff shall, within 14 days of receiving the payments provided for in the settlement agreement, file a motion to dismiss this matter with prejudice and without further costs to either party. The Court shall retain jurisdiction over this matter to the extent it is necessary to enforce the Parties' settlement.

SO ORDERED at Milwaukee, Wisconsin, this __ day of ____, 2024.

BY THE COURT:

_____

2