# UNITED STATES DISTRICT COURT
## MILWAUKEE DISTRICT OF WISCONSIN
### EASTERN DIVISION

---

**DYLAN SMITH,**
**individually and behalf of**
**those similarly situated,**
      **Plaintiff,**

      **v.**                         **Case No. 24-cv-00777**

**STONE AND BRICK LLC,** *et al.***,**
      **Defendants.**

---

## DECLARATION OF LARRY A. JOHNSON

---

Pursuant to 28 U.S.C. § 1746, I, Larry A. Johnson, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct that the following is true and correct:

1. I am counsel of record for Plaintiff and make this declaration in support of

2. Shortly after Defendants were served, Defendants' Counsel reached out to me to discuss early resolution of this matter.

3. Defendants produced through informal discovery time and payroll records for Plaintiff Smith and the three individual opt in plaintiffs Ms. Leeper, Ms. Bessenecker, and Ms. Boonkon will be referred to herein collectively as the "Collective Members")

4. In addition to the payroll records, Defendants provided me with settlement offers.

5. Using the timekeeping and payroll data produced by Defendants, I was able to analyze the data and build a damages model calculating the amount of alleged unpaid wages to Plaintiff and the Collective Members.

6. The damages model showed that Defendants' settlement offers equaled the amount of potential damages due to Plaintiff and the Collective Members.

7. Therefore, we accepted Defendants' settlement offers.

8. Therefore, Defendants' Counsel and I negotiated over the terms of the settlement agreement, along with the form and content of the other documents necessary to obtain court approval of the Settlement Agreement.

9. In my experience, the settlement agreement is fair, reasonable, and an adequate resolution of disputed issues.

10. As the Settlement Agreement results in payments to Plaintiff and the Collective Members that equal their potential recoveries at trial, further proceedings would only serve to increase attorneys' fees and waste the Parties' and Judicial resources.

11. Both Defendants' Counsel and I are experienced in litigating wage and hour lawsuits under both the FLSA and Wisconsin law.

12. Based on this experience, I negotiated with Defendants' Counsel at arms-length and in good faith to resolve this matter in light of the disputed issues remaining to be resolved, the expense of continued litigation, and the inherent risks of litigation.

13. After initially meeting with Plaintiff, I engaged in substantial investigation to determine the veracity of Plaintiff's claims and allegations, including obtaining substantial pre-filing support of Plaintiff's allegations.

14. I also obtained the records from Defendants, from witnesses, and from Plaintiff and reviewed those records, including building a damages model to calculate damages.

15. I also engaged in research regarding the legal standards involved in Plaintiff's complaint against Defendants.

16. Finally, I also drafted the settlement documents and other documents needed to obtain court approval of the settlement.

17. Plaintiff and I agreed to a contingent representation under which Hawks Quindell, S.C. would be awarded a 1/3 contingency fee.

18. The market rate in Wisconsin for similar wage and hour litigation is between 33.33% to 40%.

Executed on August 19, 2024

*s/Larry A. Johnson*
Larry A. Johnson